## DANIEL GILFEATHER *vs.* JACOB COHEN & others.

Suffolk.    December 12, 1911. — February 28, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Mortgage*, Assignment.

An owner of land made a contract in writing with a builder for the erection of a building thereon. The contract contained a provision that the owner should execute and deliver to the builder a note for the contract price secured by a mortgage upon the premises, and that the builder should "have full right to assign said mortgage [as] collateral security, or as a direct assignment for the purpose of enabling the builder to obtain the necessary work, labor and materials, by him to be performed and supplied." Upon receiving the mortgage, the builder assigned it as security for a loan of money, and later, after the mortgage note had become due, made a second assignment to another person to secure a note given by him upon which the second assignee advanced money to pay for certain lumber and materials. The second assignee received his assignment in good faith and without knowledge of any breach of contract by the builder. The builder failed to perform his contract. The first assignee of the mortgage foreclosed it by sale for breach of its conditions, and, after satisfying his lien, had in his possession a surplus which both the mortgagor and the second assignee claimed. *Held*, that the second assignee's rights were paramount, not being subject to any equity in favor of the mortgagor arising from the fact that at the time of the second assignment the note was overdue and the builder had broken his contract.

BILL IN EQUITY against Jacob Cohen, William A. Gove and Robert J. Gove, filed in the Superior Court on June 20, 1910, alleging in substance that the defendant Cohen and the plaintiff made a contract in writing for the erection by Cohen for the plaintiff of a building according to certain plans and specifications, that in accordance with the terms of the contract the plaintiff mortgaged the premises to Cohen to secure a note for $5,000, the contract price; that Cohen assigned the mortgage to the defendants Gove to secure loans by them to Cohen; that, for breach of the condition of the mortgage, the defendants Gove had foreclosed the mortgage by a sale and had in their hands the sum of $4,775 as proceeds of the foreclosure sale; and that Cohen had failed to perform the building contract. The prayers of the bill were for an accounting as to the amount due the defendants Gove from the defendant Cohen, that the damages suffered by the plaintiff

by reason of the defendant Cohen's breach of the building contract be determined, that the defendants Gove be ordered to account for all moneys received from the sale or rental of the premises, and that the defendants Gove be ordered to pay over to the plaintiff, out of the balance in their hands, the amount of damages sustained by the plaintiff by reason of Cohen's breach of contract.

The bill was taken *pro confesso* as to the defendant Cohen.

Emma L. Thurston filed a petition for leave to intervene, which was allowed, averring that the defendant Cohen had made to her a second assignment of the mortgage from the plaintiff to him, and that she was entitled to all the surplus in the hands of the defendants Gove.

The case was heard by *Richardson*, J. The facts are stated in the opinion. A final decree was made that the intervening petitioner Thurston was entitled to the surplus in the hands of the defendants Gove, and that the plaintiff was entitled to execution against the defendant Cohen for $1,050 and costs. The plaintiff appealed.

*J. M. Graham*, for the plaintiff, submitted a brief.

No counsel appeared for the defendants.

MORTON, J. The contract provided that "the builder shall have full right to assign said mortgage [as] collateral security, or as a direct assignment for the purpose of enabling the builder to obtain the necessary work, labor and materials, by him to be performed and supplied." The agreed facts show that Cohen, the builder, made an assignment of the note and mortgage to the defendants Gove as security for a note for $4,000 given by him to them, on which they advanced him $3,900. Subsequently Cohen made a second assignment of the note and mortgage to the claimant Thurston to secure a note of $1,000 given by him to her, and she advanced on account of said note and security for the payment of lumber and materials which were used to complete the building referred to in the contract, $925, which sum was used to pay for said lumber and materials. When Miss Thurston took the assignment the note and mortgage were overdue. She knew nothing about the terms of the contract between the plaintiff and Cohen. The mortgage was foreclosed by the defendants Gove and there remains in their hands the sum of $586 over and above

the amount of their note and the expenses of foreclosure. Cohen failed to perform his contract and the plaintiff contends that the note and mortgage are subject in Miss Thurston's hands to any equitable defenses which he might have had in an action by Cohen against him on the note, and that inasmuch as the trial judge has found against Cohen in his favor for breach of contract in the sum of $1,050 he is entitled to the balance in the hands of the defendants Gove.

The lien of the mortgage attached to the balance in the hands of the defendants Gove and passed to the claimant by virtue of the second assignment of the mortgage to her which Cohen had authority to make by the express terms of the building contract. There was nothing in that contract limiting the time within which an assignment could be made, and the claimant took the assignment in good faith for value. As against the claimant it is immaterial, therefore, what defenses the plaintiff might have had in an action by Cohen against him on the note and mortgage. If he wanted to save the right to such defenses he should have reserved it in the building contract; but it is manifest that such a reservation would have destroyed the value of the mortgage for use by Cohen as collateral security, and would have been inconsistent with the right of assignment that was given him to enable him "to obtain the necessary work, labor and materials," and for that reason was no doubt omitted.

*Decree affirmed with costs.*